# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DANA TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-00282 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Dana Travis brings this action against the Illinois Department of Corrections ("the IDOC" or "the Department") and the State of Illinois ("the State") (collectively "the State Defendants") as well as several IDOC employees: Acting Director John Baldwin, Deputy Chief Ortega, Deputy Chief Deon Dixon, Deputy Chief Tim Christianson, Deputy Chief Thomas Hillard, and Assistant Director Jason Garnett (collectively the "Individual Defendants"). His third amended complaint alleges, *inter alia*, that (1) the State Defendants engaged in racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Count I); (2) all Defendants retaliated against him in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(A) (Count II); and (3) that all Defendants violated his Illinois constitutional rights (Count V). Currently before the Court is the IDOC and Individual Defendants' partial motion to dismiss [68] (1) Count I to the extent Plaintiff seeks to bring a claim under the Illinois Human Rights Act, (2) Count II in its entirety, and (3) Count V to the extent it is brought against the IDOC, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court grants the motion [68]. The Court therefore orders as follows: (1) any references to the IHRA in Count I of the third amended complaint are stricken; (2) Count II is dismissed with

prejudice as to all Defendants; and (3) Count V is dismissed as to the State Defendants. The Court sets the case for further status on July 18, 2019 at 9:00 a.m.

I. **Background**[1]

Plaintiff has served as a Parole Commander—and therefore has been an employee of the IDOC at all relevant times—since January 2015. [64, ¶¶ 6, 21.] He is a 47-year-old African American. [*Id*. ¶¶ 17, 18.] Plaintiff alleges that Defendants have created a hostile work environment and treated Plaintiff less favorably than non-black parole commanders by, for example, ordering him to perform the work of other commanders in addition to performing his own duties. [*Id*. ¶¶ 29–30, 37.]

Between May 29, 2014 and May 13, 2015, Plaintiff filed four Charges of Discrimination against the IDOC with the Illinois Department of Human Rights and the Equal Opportunity Employment Commission regarding various work abuses. [*Id*. ¶¶ 56–57, 64, 68.] Between November 11, 2014 and February 14, 2018, the IDOC suspended Plaintiff on seven separate occasions for reasons including violating the Department's standards of conduct and poor case management. [*Id*. ¶¶ 60-68, 73.] Plaintiff alleges that he received these suspensions because of his race, age, and participation in union activities. See generally [64].

Plaintiff filed his initial complaint on January 1, 2018. [1.] That complaint named the IDOC and a number of individual defendants. [*Id*. at 1.] That complaint alleged (1) race discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(A) ("IHRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"); (2) retaliation in violation of the IHRA; (3) the violation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983; (4) a pattern or practice of unconstitutional behavior under *Monell v. Department of Social*

---

[1] The Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

*Services,* 436 U.S. 658 (1978); (5) age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(e) ("ADEA"); and (6) violations of his rights under the Illinois Constitution. See generally [1].

Plaintiff then filed his first amended complaint [24], which differed from the initial complaint in two main respects: (1) it asserted the First Amendment claim against the Individual Defendants alone, and (2) it asserted the *Monell* claim against the IDOC alone. See generally [24]. All the other claims from the original complaint remained the same. [*Id.*] Defendants then filed a partial motion to dismiss Plaintiff's first amended complaint. [27.]

During the briefing on that motion, Plaintiff requested and was granted leave to file his second amended complaint, which added a retaliation claim under 42 U.S.C. § 1983 for events that had allegedly occurred since the filing of the first amended complaint. [51, ¶¶ 3–6.] Defendants then filed another partial motion to dismiss Plaintiff's second amended complaint. See generally [58]. And again, during the briefing on that motion, Plaintiff filed a third amended and operative complaint. See generally [64]. Shortly thereafter, the IDOC and Individual Defendants filed this partial motion to dismiss. [68.] The Court now resolves the motion.[2]

## II. Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such

---

[2] In his third amended complaint, Plaintiff named the State of Illinois as a Defendant in Counts I and IV. However, it appears Plaintiff has not served the State and, in his response to this motion to dismiss, Plaintiff did not discuss the State as a defendant. See [78, at 1–2]. Thus, to the extent that Defendants arguments for dismissal apply with equal force to the State, the Court will grant relief to the State as well. See, e.g., *Anderson Die Castings, Inc. v. Berlow*, 1991 WL 74595, at *3 (N.D. Ill. May 3, 1991) (dismissing the remaining defendants given the moving defendant's argument applied with equal force to them). Additionally, the Court notes that the State is generally not the proper defendant in employment discrimination cases under the ADEA or Title VII. See, e.g., *Mehrberg v. Illinois*, 2018 WL 6790488, at *3–4 (N.D. Ill. Dec. 26, 2018) (dismissing the State of Illinois as the improper property in a suit asserting claims under the ADA, ADEA, and Title VII).

that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

III. **Analysis**

    A. **Count V**

Defendants assert that Plaintiff's claims under the Illinois Constitution in Count V must be dismissed as to the IDOC, and implicitly the State, on Eleventh Amendment and sovereign immunity grounds. [68, at 6.] In *Pennhurst State Sch. & Hosp. v. Halderman*, the Supreme Court conclusively established that "in the absence of consent a suit in which [a] State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." 465 U.S. 89, 100 (1984). Nonetheless, Plaintiff asserts that the Eleventh Amendment does not

apply to claims brought under state law against states. [78, at 4.] Contrary to Plaintiff's assertions, the Supreme Court in *Pennhurst* firmly established that the Eleventh Amendment bars plaintiffs from bringing state law claims against a state or its agencies in federal court.[3] 465 U.S. at 106 (noting "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law" and thus concluding that the Eleventh Amendments bars such a claim); see also *Anderson v. United States Dep't of Agric.*, 604 Fed. Appx. 513, 517 (7th Cir. 2015) ("[Plaintiff] may not sue a state in federal court for violations of state law * * *."); *Jones v. Indiana*, 533 Fed. Appx. 672, 673 (7th Cir. 2013) ("The Eleventh Amendment to the Constitution prevents federal courts from awarding relief, under state law, against states and their agencies.").

It is also well established that the IDOC is a state agency. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005); *Glispie v. Ill. Dep't of Corr.*, 2012 WL 6761522, at *1 (C.D. Ill. Oct. 24, 2012); *Luster v. Ill. Dep't of Corr.*, 2008 WL 5191764, at *2 (C.D. Ill. Dec. 11, 2008). Therefore, neither the Department nor the State may be sued for violations of the Illinois Constitution in federal court. *Billman v. Ind. Dep't. of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (explaining that the Indiana Department of Corrections is immune from suit by virtue of Eleventh Amendment). Consequently, the Court grants Defendants' motion and dismisses Count V as to the State Defendants.

---

[3] There are two exceptions to this general rule: (1) when the state clearly waives the Eleventh Amendment immunity and consents to suit in federal court; and (2) Congress clearly abrogates the states' Eleventh Amendment immunity with its Fourteenth Amendment enforcement powers. *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). Neither applies here as the State has not waived its immunity and Congress has not abrogated Illinois's immunity to state law claims in federal court.

### B. Counts I & II

Defendants, with the exception of the State, also seek the dismissal of (1) Count I to the extent that Plaintiff asserts racial discrimination in violation of the IHRA and (2) Count II as to all Defendants on the grounds that such a claim is conclusively barred by Illinois and federal law. See [68, at 1]. Given Plaintiff concedes (1) that Count I only seeks to state a claim under Title VII [78, at 5], and (2) that Count II is barred as to all the Defendants, including the State, [*id.*, at 3–4], the Court will grant the IDOC and Individual Defendants' motion as to all Defendants, including the State.

## IV. Conclusion

For the reasons explained above, Defendants' motion to dismiss [68] is granted. The Court orders as follows: (1) any references to the IHRA in Count I of the third amended complaint are stricken; (2) Count II is dismissed with prejudice as to all Defendants; and (3) Count V is dismissed as to the State Defendants. The Court sets the case for further status on July 18, 2019 at 9:00 a.m.

Dated: June 24, 2019

Robert M. Dow, Jr.
United States District Judge